KLEIN *v.* MILLER.

CANCELLATION OF INSTRUMENTS—DEEDS—FRAUD.

On a bill to cancel a deed and an assignment of a mortgage, where the record shows that defendant was indebted to plaintiff and deeded to him 116½ acres of land in partial payment of said indebtedness, said land and 40 acres retained by defendant being subject to a mortgage which was later foreclosed and the equity of redemption about to expire when plaintiff agreed to redeem therefrom and to also cancel a $3,600 note and mortgage which he held against the 40 acres if defendant would convey to him said 40 acres, which plaintiff did without disclosing that he had already deeded said 40 to his stepson and had assigned to his brother a second

mortgage for $3,000 covering said 40 which he had pur-
chased and for which he had received credit from plain-
tiff, *held*, that plaintiff was entitled to the relief sought,
defendant being the real party in interest.

Appeal from Allegan; Cross, J. Submitted April
11, 1919. (Docket No. 32.) Decided May 29, 1919.

Bill by Leon J. Klein against David R. Miller and
others to set aside a deed and assignment of a mort-
gage on the ground of fraud. From a decree for
plaintiff, defendants appeal. Affirmed.

*Wilkes & Stone*, for plaintiff.

*Clare E. Hoffman* and *Hatch, McAllister & Ray-
mond*, for defendants.

The plaintiff herein is engaged in the business of
loaning money in the city of Chicago, dealing princi-
pally in second mortgage securities. From October 20,
1914, to July 31, 1915, he had loaned to defendant
David R. Miller in various sums a total of $8,725.82,
said sums being secured up to that time by a second
mortgage of $20,000 on Chicago property as collateral.
On March 16, 1915, said defendant David R. Miller had
purchased from two men named Petersen and Thurs-
ton a farm in Allegan county known as "Sunny-Slope
Farm." This farm consisted of three parcels, 86½
acres, 30 acres, and 40 acres, a total of 156½ acres. At
the time of the conveyance from Petersen and Thurs-
ton to defendant David R. Miller, there rested upon
said farm two mortgages—a first mortgage of $7,000
to one Fritz and a second mortgage for $3,000 to Henry
Speer and Francis Downen. Defendant David R.
Miller, being the owner of the legal title to said Sunny-
Slope Farm on July 31, 1915, September 2, 1915,
October 15, 1915, and October 25, 1915, conveyed to
plaintiff, Klein, in partial payment of his indebtedness,

116½ acres of said farm, being the 86½-acre parcel and the 30-acre parcel. Agreements between the parties were entered into by the terms of which defendant David R. Miller was to reduce the mortgages on said land, then amounting to $10,000, to the sum of $5,800.00. To secure his agreement to make this reduction, David R. Miller and his wife executed a mortgage to defendant in the sum of $3,600.00 on the 40 acres of said farm, title to which had been retained by them. Later and on April 15, 1916, defendant David R. Miller purchased the second mortgage of $3,000 running to Henry Speer and Francis Downen and thereupon released plaintiff Klein's 116½ acres from the same, and plaintiff Klein indorsed the sum of $3,000 upon the $3,600 mortgage given by defendant Miller to secure the performance of his promise. On February 14, 1917, defendant Miller executed an agreement making the $600 balance of the $3,600 mortgage a lien upon the 40 acres prior to the $3,000 mortgage which he had purchased from Speer and Downen. In the meantime and on February 21, 1916, the first (Fritz) mortgage had been foreclosed and the equity of redemption would expire on February 21, 1917. On the 19th of February plaintiff and his attorney came to Michigan and attempted to secure from Fritz an agreement to convey to him the whole of said farm after the foreclosure proceedings became absolute upon the payment to him, Fritz, of the amount of the mortgage with interest and costs. In this attempt plaintiff was unsuccessful because upon his arrival in Grand Rapids he found, after consultation with Fritz, that Fritz had already executed such an agreement to Petersen and Thurston. It should be noted in passing that Petersen and Thurston had filed a bill in chancery against defendant Miller and plaintiff Klein, claiming that they had been induced to part with their title to the Sunny-Slope Farm through the fraud of

defendant David R. Miller. Failing to secure the agreement from Fritz which they sought, some investigation was made by plaintiff Klein, as to the value of the 116½ acres to which he had title and as to the value of the 40 acres, the part of the farm to which defendant David R. Miller had retained title, and it is his claim that he concluded that he would not redeem from the Fritz mortgage unless he could secure title to the 40 acres owned by David R. Miller. It clearly appears from the record that the 40 acres so owned was worth about the same amount as the 116½ acres owned by plaintiff ($5,500 to $6,000). Plaintiff sent his lawyer back to Chicago on the 20th of February and his said lawyer that evening interviewed Miller and his wife and presented to them a warranty deed of the 40 acres to plaintiff for execution, telling them, it is claimed, that plaintiff Klein would not redeem without said deed, in which event neither Klein nor the Millers would get the farm, but that it would go to Petersen and Thurston under their agreement with Fritz. The Millers refused to execute said deed that night but agreed to and did meet plaintiff Klein and his lawyer at the latter's office on the morning of the 21st, the day during which redemption had to be made, otherwise the title in Fritz under the foreclosure would become absolute. On that morning the situation was as follows: Plaintiff owned 116½ acres of the farm. Defendant David R. Miller and his wife, Louise, owned the other 40 acres. The Fritz mortgage, which with interest and costs amounted to about $7,300, was foreclosed, the same becoming absolute that day in default of redemption. Defendant David R. Miller had purchased the $3,000 mortgage and had made it subject to $600 of the $3,600 mortgage given to Klein as security for his promise to reduce incumbrances on the farm. So far as plaintiff knew that was the actual condition of the title on

that morning.  Upon leaving Michigan the night be-
fore he had left with his attorney a draft for $7,500
with instructions to redeem from the Fritz mortgage
on the 21st only in case he received instructions so
to do from the plaintiff, which it was understood
would be given in the event only that plaintiff secured
title to the 40 acres.  There is a sharp dispute upon
the record as to what occurred on the morning of the
21st in Chicago.  It is asserted on behalf of the plain-
tiff that he advised the Millers that he would not re-
deem from the Fritz mortgage unless he had absolute
title to their 40 acres, and that, confronted with the
alternative of seeing the title to their 40 acres go to
him or to Thurston and Petersen, who had by their
bill charged them with fraud, they expressed their
willingness to convey the title to him by a quitclaim
deed.  On the part of the Millers it is asserted that
plaintiff advised them he could not redeem from the
mortgage unless he had a legal title to the entire
156½ acres and that if they would execute the quit-
claim deed to him of the 40 acres he would make the
redemption and immediately thereafter reconvey to
them their 40 acres.  They claim that they advised
him that they had already deeded the 40 acres to Frank
Rogers, a stepson of David R. Miller, and therefore
could not properly deed to him, but were advised by
his attorney that the execution of the quitclaim deed
could not injure them as it conveyed no more title
than they had.  Whatever may be the actual facts as
to what occurred on that morning, the Millers, David
R. and Louise, his wife, did execute a quitclaim deed
to the plaintiff of the 40 acres, upon receipt of which
plaintiff caused redemption to be made from the Fritz
foreclosure.  Immediately on the execution of his deed
David R. Miller took a train leaving Chicago about
noon and arrived at Allegan some time that evening.
He found the register of deeds and there placed upon

record a deed from himself and wife to his wife's son, defendant Frank Rogers, covering said 40 acres, said deed being dated and acknowledged February 15, 1917. This deed being without consideration, a second deed dated February 26, 1917, was executed wherein the consideration was mentioned as "$1.00 and other valuable consideration." The first deed remained of record, however, with consideration as named in the second deed inserted. At the same time he placed on record an assignment of the $3,000 mortgage from himself to his brother, defendant John H. Miller, bearing date February 15, 1917.

Plaintiff filed his bill of complaint setting up the facts from his standpoint and prayed for a cancellation of the deed from David R. Miller to defendant Frank Rogers and of the assignment of the mortgage from David R. Miller to his brother, John H. Miller. From a decree granting the relief prayed defendants have appealed.

BROOKE, J. (*after stating the facts*). On the morning of February 21st, when the parties hereto met, neither owed any duty to the other with regard to redemption from the Fritz mortgage. If neither redeemed plaintiff would lose about $8,000 he had invested in the 116½ acres and defendant David R. Miller, assuming that he was still the owner of the 40 acres, would lose about $5,000. Plaintiff was financially able to redeem. We believe the record discloses that defendant Miller was not. The parties up to that moment had been dealing at arm's length and in the transactions of that morning still continued to do so. If the deed from David R. Miller to his stepson, defendant Rogers, and the assignment from David R. Miller to his brother, John H. Miller, were executed as of the date they severally bear (and there is nothing in the record casting doubt on the authenticity of said date), it would seem to have been the manifest

duty of defendant David R. Miller to have acquainted plaintiff Klein with the condition of the title. This he says he did and his assertion in this regard is substantiated by the testimony of his wife and that of his wife's niece. We have no difficulty, however, in reaching the conclusion that in so testifying defendant David R. Miller and his witnesses were, to put it charitably, mistaken. It is inconceivable that plaintiff, acting in the presence of and under the advice of his attorney, would have accepted a quitclaim deed of the 40 acres with the knowledge that defendant Miller had already conveyed title thereto to defendant Rogers, and in reliance thereon have paid out $7,300, the amount required for the redemption from the Fritz foreclosure. We believe as did the learned circuit judge that defendant Miller carefully concealed from plaintiff the fact that he had deeded to Rogers and that in executing and delivering to plaintiff a quitclaim deed of the premises he did so with the purpose of inducing plaintiff to believe that he, plaintiff, would acquire title to the 40 acres through said deed if he made the redemption. This was an act of fraud, the fruits of which defendant David R. Miller should not be permitted to enjoy. The learned circuit judge found that the deed to Rogers and the assignment of the mortgage to John H. Miller were both without consideration. We have read this record with care and while defendant David R. Miller gave testimony tending to show that there was consideration for each of these instruments, the circumstances surrounding the whole transaction are such that we believe the conclusion reached by the learned circuit judge to be justified. As bearing upon this question it may be noted that the defense of the case was undertaken entirely by defendant David R. Miller and while he in terms disclaimed all interest in the litigation (except a moral one), we believe that he is the real party

in interest. As consideration for the execution of the quitclaim deed plaintiff testified that he agreed to and afterwards did cancel the $3,600 note and mortgage. These papers when introduced upon the trial were found to be so canceled. It may further be noted that plaintiff's title is still questioned and may be defeated in the Petersen suit.

Upon a consideration of the whole record we have reached the conclusion that the decree of the court below should be affirmed, with costs to appellee.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.